IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                CAUSE NO. 3:13CR34HTW-LRA

AARON CHARLES HARRIS

MOTION *IN LIMINE* TO EXCLUDE
RULE 404(b) EVIDENCE AND OTHER EVIDENCE

COMES NOW Defendant Aaron Charles Harris and respectfully moves *in limine* for an order under Rule 404(b) of the Federal Rules of Evidence prohibiting the prosecution from introducing evidence of other acts and evidence at trial. In support of this Motion, Mr. Harris presents the following.

## I. Introduction

On April 27, 2016, the prosecution provided notification via electronic mail that it intends to offer evidence other than that evidence recovered on the date of the offense alleged in the indictment. Specifically, the prosecutor intends to introduce two guns found as 404(b) evidence and a ".45 caliber bullet found as relevant evidence.[1]" Both of these items were found the day Mr. Harris was arrested or some four plus months after the date of the incident alleged in the indictment. For the following reasons, the government should be barred from mentioning or introducing such evidence at trial.

## II. Relevant Law

Admission of crimes, wrongs or other purportedly bad acts of a defendant is governed by Rule 404(b) of the Federal Rules of Evidence. Relevant evidence, however, is governed by Rule

---

[1] This is a direct quote from the electronic mail notice received by the undersigned from the assistant United States Attorney

402 which allows admission of relevant evidence, with some exceptions, and the exclusion of irrelevant evidence. Rule 403 allows the court to suppress relevant evidence if "its probative value is substantially outweighed by a danger of unfair prejudice , confusing the issues, misleading the jury" and other reasons. It is the defendant's argument that the .45 bullet shell is not relevant evidence under the Federal Rules of Evidence, as the government e-mail alleges, but rather it is other bad acts evidence under 404(b). This is so because it is a felony under Title 18 United States Code §§ 922 and 924 for a prior convicted felon to possess ammunition. Based on the following case law as to how the evidence was recovered and relevant Rule 404(b) case law, Mr. Harris requests that the government be prohibited from mentioning or introducing such evidence at trial.

## A. Search and Suppression

### 1. The search was not a necessary protective sweep incident to the arrest

The discovery provided in this case and the statements provided in connection with the notification of 404(b) material state that Mr. Harris was arrested at 1351 Maria drive on a warrant for the underlying indictment. As to the arrest, the Report of Investigation of Deputy United States Marshal Jeremy Stillwell states that Mr. Harris answered the door to the home, was taken into custody and then a "protective sweep" was done of the home, including an air conditioning intake vent. In that vent was found a rifle and a pistol that the government seeks to introduce as 404(b) evidence in the trial of Mr. Harris. In a bedroom, the .45 bullet was found.

The Supreme Court has held that: "The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 337

(1990). Specifically the Court held that an officer may look in "closets and other places immediately adjoining the place of arrest from which an attack could be immediately launched." *Id*. at 334. More importantly, however, the Court held that the officer could not prolong the protective sweep longer than necessary to dispel his fears and "in any event no longer than it takes to complete the arrest and depart the premises." *Id*. at 336. Under the plain meaning of *Buie*, once the arrest of Mr. Harris was completed, there should have been no protective sweep of the home.

### 2. Suppression of evidence recovered by the illegal arrest

In *United States v. Renteria*, the Fifth Circuit was tasked with looking at whether or not certain extrinsic evidence met the requirements of Rules 404(b) and 403. 625 F.2d 1279 (5th Cir. 1980). In that case Mr. Renteria was indicted along with others on four counts of drug related conspiracy charges on May 18, 1978, but was not taken into custody until September 30, 1978. *Id*. at 1280. Following his arrest, Mr. Renteria allegedly allowed a search of his hotel room where two ounces of cocaine were found. *Id*. at 1281. Two of the grounds that formed the basis of his appeal was whether or not the district court erred in allowing evidence of the cocaine to be admitted in violation of Rule 404(b) and the Fourth Amendment. *Id*. In analyzing the facts in that case the court found under Rules 404(b) and 403 that "[u]nless barred by the Fourth Amendment challenge, [the] evidence was properly submitted." *Id*. at 1282. The Fifth Circuit then remanded the case to the district court on this and other suppression issues. *Id*. at 1284.

Other courts have found similarly: *United States v. Hill*, 898 F.2d 72 (7th Cir. 1990) (remanding to determine if 404(b) evidence was constitutionally taken and, if not, defendant was entitled to a new trial); *United States v. Hill*, 60 F.3d 672 (10th Cir. 1995) (exclusionary rule applied to 404(b) evidence where there is some nexus between the initial search and seizure and

the subsequent charged offense); *United States v. Farmer*, 770 F.3d 1363 (10th Cir. 2014) (exclusionary rule applies to 404(b) evidence where the government seeks to use it to prove an essential element to the offense and there is some nexus between the initial search and seizure and the subsequent charged offense); *United States v. Ozuna*, 129 F.Supp.2d 1345 (S.D. Fla. 2001) (analyzing the two *Hill* cases and *Renteria* and determining that the exclusionary rule applies to 404(b) evidence). Based on the above case law, the guns and ammunition sought to be used by the government should be suppressed.

### B. Rule 404(b)

Admission of crimes, wrongs or other purportedly bad acts of a defendant is governed by Rule 404(b) of the Federal Rules of Evidence. Rule 404(b)(1) states the limitation on use of such evidence: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) states exceptions to the exclusion of such evidence: "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In *United States v. Ridlehuber*, 11 F.3d 516 (5th Cir. 1993), the Fifth Circuit explained the dangers inherent in admission of unindicted "bad acts" of a defendant. The Court stated:

> One of the dangers inherent in the admission of "other acts" evidence is that the jury might convict the defendant "not for the offense charged but for the extrinsic offense." *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir.1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). "This danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged." *Id.* To guard against this danger, Rule 404(b) excludes extrinsic offense evidence when it is relevant solely to the issue of the defendant's character.

*Ridlehuber*, 11 F.3d at 521.

The initial step in gauging the admissibility of a defendant's "other bad acts" is determining whether the acts are extrinsic or intrinsic to the crime alleged in the indictment. In *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007), the Fifth Circuit explained that "Rule 404(b) only applies to limit the admissibility of evidence of <u>extrinsic</u> acts." (Emphasis added; citation omitted). "<u>Intrinsic</u> evidence, on the other hand, is generally admissible 'so that the jury may evaluate all the circumstances under which the defendant acted.'" *Id.* (emphasis added; citations omitted).

The *Sumlin* Court went on to describe the difference between extrinsic evidence and intrinsic evidence. "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *Sumlin*, 489 F.3d at 689 (citation omitted).

In summary, if evidence of an act is intrinsic to the crime charged, then Rule 404(b) is inapplicable. If the evidence is extrinsic to the crime charged, then the Rule 404(b) analysis continues, as follows.

A two-part test is employed to gauge the admissibility of extrinsic "other bad acts" evidence under Rule 404(b). *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). Under the first element of the test, "it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Beechum*, 582 F.2d at 911 (citation omitted). Rule 404(b)(2) contains examples of issues for which "other bad acts" may be admissible. The examples are proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

The relevance of evidence under the first element of the 404(b) test is often contingent upon whether the prosecution has proven that the defendant actually committed the alleged prior

bad act. In *Beechum*, the Fifth Circuit set forth the standard a trial court must utilize "to determine whether the Government has come forward with sufficient proof" that the defendant actually committed the 404(b) act in issue. 582 F.2d at 913. The Court held:

> The standard of proof for ruling upon factual conditions to relevancy is supplied by Fed. R. Evid. 104(b), which states as follows: Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

*Id.* With regard to a factual condition precedent, if the Rule 104(b) standard is not met, then the evidence must be excluded. *Beechum*, 582 F.2d at 912-13; *Ridlehuber*, 11 F.3d at 523 (*citing Beechum*).

Next considered is the second element of the test for admissibility of extrinsic "other bad acts" evidence under Rule 404(b). Under this element, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Beechum*, 582 F.2d at 911 (citation omitted). That is, "[e]ven if the extrinsic act evidence is probative for 'other purposes' recognized by Rule 404(b), such as showing motive or intent, the probative value of the evidence must be weighed against its prejudicial impact." *Ridlehuber*, 11 F.3d at 521.

The following flowchart summarizes the case law set forth above and provides a guide for analyzing the "other bad acts" issue under Rule 404(b).

- If the "other bad acts" evidence is intrinsic to the crime alleged in the indictment, then Rule 404(b) is inapplicable. If the evidence is extrinsic to the crime alleged in the indictment, then Rule 404(b) applies.

- Under Rule 104(b), the prosecution must come forward with proof that the defendant

actually committed the "other bad acts" in issue.

- For admission of extrinsic "other bad acts" evidence, the court must determine if the evidence is relevant to an issue other than the defendant's character.

- For admission of extrinsic "other bad acts" evidence, the court must conduct a Rule 403 analysis to determine if the probative value of the evidence is outweighed by its prejudicial effect.

### III. Analysis.

The prosecution's Notice provides no law or analysis as to why the subject other bad acts evidence is admissible under the above stated law. Mr. Harris contends that the evidence is neither intrinsic to the subject crime, nor does it fall under Rule 404(b)(2). Even if the Court finds otherwise, the probative value of the evidence would be outweighed by its prejudicial effect. Thus the evidence should be excluded under Rule 403.

### IV. Conclusion.

The arguments presented above are not all-inclusive. While the arguments presented herewith may be sufficient to justify exclusion of the prosecution's proposed Rule 404(b) evidence, Mr. Harris requests a hearing to further develop the facts of the proposed evidence, and apply the law to the facts.

WHEREFORE, for the foregoing reasons, Mr. Harris respectfully asks this Court to grant his Motion *in Limine* to Exclude 404(b) Evidence And Other Evidence, after a hearing on the issue.

Respectfully submitted this the 29th day of April, 2016.

AARON CHARLES HARRIS, DEFENDANT

By:   Dennis Joiner

Federal Public Defender

*s/Michael L. Scott*
Michael L. Scott
Assistant Federal Public Defender
Northern and Southern Districts of Mississippi
200 South Lamar Street, Suite 200-N
Jackson, MS 39201
Telephone: (601) 948-4284
Facsimile: (601) 948-5510

*Attorney for Defendant*